Good morning, and welcome to the Ninth Circuit. The first case we have on calendar today is Ayala Rugamas v. Blanche, and I believe Attorney for the Government is appearing remotely. Ms. Jones, can you hear us? Yes, I can. Great, wonderful. And please watch the clock if you want to reserve time for rebuttal. Yes, Your Honor. Good morning. May it please the Court, Elizabeth P. Uribe for the petitioners. I would like to reserve three minutes for rebuttal, and I will be mindful of my time. There are two issues in this case. The first is whether the petitioner's right to due process was violated when the immigration judge stripped them of an opportunity to have a full and fair merits hearing on their relief applications for asylum, withholding of removal, and protection under the Convention Against Torture, and secondly, whether the judge erred in denying their relief applications. This petition should be granted because the petitioner's due process rights were violated when they were denied to have a full and fair hearing on their case, and it should also be granted because they have demonstrated eligibility for the relief sought. This case is about a nuclear family of four who traveled from El Salvador after Mr. Ayala's two cousins were murdered by members of the MS-13 gang, after the gang's repeated threats to force Mr. Ayala's seven-year-old son into the gang, after the gang physically assaulted Mr. Ayala, after the petitioners were continuously followed and harassed by members of the gang, and after the gang members threatened to kill Mr. Ayala just as they had killed his two cousins. During a master calendar hearing, before the petitioners even filed their I-589 applications with the immigration judge, the judge informed the petitioners that she would remove their case from the court calendar if she found they were unable to establish a claim for relief. At the next master calendar hearing, the immigration judge received the petitioners' I-589 applications, and after a cursory review in a crowded courtroom, determined she did not see how they could meet their burden. She proceeded to remove the case from the court calendar and stated she would issue a written decision. She issued the written decision and denied all claims for relief. The Fifth Amendment guarantees due process in deportation proceedings. And as such, a non-citizen facing removal is entitled to a full and fair hearing of his claim and a reasonable opportunity to present evidence on his behalf. Is there any statutory provision that requires a full evidentiary hearing? Thank you, Your Honor. The statutory and regulatory regime protects a non-citizen's right to present evidence. If we turn to 8 U.S.C. Section 212-29-AB4 and 8 C.F.R. 1240.1c, the language in this statute states that a non-citizen shall have a reasonable opportunity to examine and present evidence. The statute does not say may have an opportunity. So here, there was a due process violation when the immigration judge prevented the petitioners from having a full and fair evidentiary hearing, and this rendered the proceedings so fundamentally unfair as they were stripped of an opportunity to present the case. This court requires petitioners to show prejudice, meaning that the outcome of the may have been affected by the violation. Petitioners are not required to show that the outcome was affected. This court has instructed the parties to discuss Golminar v. INS and Oshodi v. Holder and the decision's potential impact on this specific case. In both cases, this court found there was a violation of due process when the immigration judge limited and prevented the applicant's testimony during the merits hearing. Both Golminar and Oshodi support petitioners' assertion they were denied due process when the judge denied them the opportunity to have a full hearing. Unlike the applicants in Golminar and Oshodi, these petitioners did not get as far as even making it to a merits hearing. The immigration judge, during the master calendar hearing, again, this is a crowded courtroom, unilaterally decided to take the case off the docket and issued a written decision. Can you address the waiver argument? That is, you had waived the right to present testimony. I understand the I.J. at first did say, I'm going to take this under submission. I don't think a prima facie case has been made, but then the I.J. at the end, she does say, do you have any other information you'd like to present? Yes, your honor. She did ask if there was any other information and there was supplementals that were submitted. The judge did not ask if there, do you wish to have a full merits hearing? She is specifically asking about evidence because at that time, she'd already decided that she's taking the case off calendar and would be issuing a written decision. Essentially, it would not have made a difference. Just as in Colmenar, right during direct testimony, the immigration judge there could off the attorney and although there were efforts to continue, the attorney there said, you know, there's essentially no point in proceeding for towards this hearing. I'm going to qualify my for voluntary departure. In Colmenar, we said the I.J. was very hostile and wouldn't let the petitioner speak. Here, I mean, look at the I.J. I.J. doesn't seem to be particularly hostile. I know the I.J. said, we'll take it under submission, but kind of had an open-ended question or opportunity to present evidence. I mean, it's kind of like an oral argument. I'm going to rule against you. Do you have anything else to add? And then a lawyer would try his or her best to say, no, no, I think you should rule the other way. So couldn't that statement by the I.J. be read in that way to an opportunity to say to the I.J., I would like to present testimony. I believe live testimony would make a difference. You just can't rely on the written declarations. Right. And I believe that, you know, at that point, the standard is to have a merits calendar hearing. So, you know, the statute and already says that the immigration judge and even if we look at matter of fact, which was, you know, what this court has relied on in Gulmanad and Ashodi states that, you know, oral testimony is required. So, you know, it really is for the judge to follow what the procedures are and schedule the merits hearing. In Montes Lopez, we held that deprivation or denial of the right to counsel, contrary to statute, meant that we should remand even if we didn't think there was a showing of prejudice, even if we thought that the error was likely harmless was our exact words. Do you think that case is analogous here? Yes, it is, Your Honor. And again, the judge has a duty to ensure that the record is developed. And again, I understand that she asked the question, is there anything else? And at the time, you know, I take it back that this we're in a crowded courtroom. When we have asylum merits hearings, you know, those are confidential hearings that are closed. And you're generally presenting before the judge. Obviously, the government attorney, but there's not like an audience. So, at the time, it was, I would say, an uncomfortable situation for petitioners to be asked these cursory questions. Again, I take it back to the fact that it was evident that the judge's mind was already made up. The BIA did not rely on waiver to deny the appeal. Is that correct? That's correct. That's correct. And in matter of fait fait, which again, this court has... So the BIA found no prejudice, right? The BIA found that there is no, that there was not a showing of prejudice. The whole purpose would be to remand to the BIA on the prejudice question in this case. Thank you, Your Honor. I would take it back that this court itself has held that a showing of prejudice is not required. Here, the argument is that it was the judge's actions by themselves. It was the way that the judge acted that prejudiced the petitioners by stripping them of the opportunity. And I would relate this to Colmenar, where the court essentially said, if you look at Colmenar's declaration on its face, it potentially would say this is insufficient for a grant of I-589. But if given an opportunity to testify, he would have been given an opportunity to explain how he reached the conclusions that were made in the declaration in the first place. And in this case, that is something that the petitioners were stripped of. It's an example. They don't have to prove. I'm just having trouble. If the BIA found no prejudice, I still haven't heard what the prejudice is here. So why would we ever send it back? There is prejudice because they didn't have an opportunity to explain their declaration. That's just the front end, on the front end, right? That's the procedural rule that you're saying is violated, but you have to show prejudice. So what would he have explained that shows that he's entitled to relief? Oh, sure. Thank you, Your Honor. He would have had an opportunity to further discuss specifically how the gang members murdered his cousins and how that related to him and the threats that he and his own family received. Are those things that were not in his declarations? It was mentioned in the declaration, Your Honor. I would say, though, during testimony, he would have had an opportunity to further explain why he believed that that was significant and how it would make a difference in this case, in his case. You pointed to the statute. It says you have a right to present evidence on the alien's own behalf. So he did present, he was allowed to provide declarations and evidence and submit anything else he wanted, right? Yes, Your Honor. So what in the statute requires oral testimony? Well, Your Honor, in matter of FIFA, the board did turn to statutes and it used those statutes to state that testimony should be required and has followed that testimony is a cornerstone of asylum proceedings. And again, this court has followed matter of FIFA in the past and we do respectfully request that this case be remanded to give the parties an opportunity to have a full and fair hearing. Thank you. Thank you. Ms. Jones, whenever you're ready. Hello, good afternoon. My name is Tracy Jones and I'm appearing on behalf of the respondent, the acting U.S. Attorney General. The court here should deny the position for review because petitioners received a full and fair evidentiary hearing before the immigration judge and the agency properly determined that they were not eligible for relief or protection and the record does not compel a contrary conclusion. The due process violation that petitioner asserts in her opening brief that because of the immigration judge's failure to take testimony at the hearing um is not availing. In matter of HAAV which abrogated matter of FIFI which is one of the cases that the petitioner relies on in their opening brief, the board in that case indicated that if the factual allegations underlining a claim for asylum withholding of removal and protection under the CAT are viewed in light most favorable to the applicant and it does not establish prima facie eligibility, the immigration judge may pre-termine the applications without a full evidentiary hearing and that's what the immigration judge appropriately did in this case. At the August 2nd, 2018 hearing, the immigration judge put the petitioners on notice that their applications should be full and complete because a decision may be rendered on the applications and the corroborating evidence if everything was taken as true. So the immigration judge put the petitioners on notice that this was her intent. On at the hearing on October the 11th, the immigration judge once again reviewed the evidence that the petitioner has submitted with the application and the declarations and determined that the petitioners were unable to meet their burden of proof. Therefore, the immigration judge denied the applications for asylum and withholding. The issue, the actual issue was not rendered on October the 11th at that hearing. The immigration judge even went an additional step and allowed for the petitioner to submit any other evidence that would support their claims prior to rendering a decision in March of 2019. The petitioners has testified to the accuracy of the applications and indicated that everything in the applications were true and correct. Even at, I'm sorry, even though the petitioners took advantage of the immigration judge's offer to submit additional information, at no point in time did the petitioners indicated that they wanted to pro-offer to actual testimony. As the Petitioner's Council indicated, the statute does allow for the alien to have reasonable opportunity to examine the evidence against him or her, to present the evidence on their own behalf and to cross-examine witnesses presented by the government. However, the statute does not indicate or require that oral testimony be taken at every evidentiary hearing when the immigration judge are taking the facts outlined in the applications and considering all the evidence in most favorable light to the applicant if the applicant is still unable to make out a prima facie case of eligibility for relief or protection. The only, the only... Sorry, if I can interrupt here. How should we read our en banc decision in Oshodi v. Holder, where there is some language saying that full and fair opportunity to be heard includes the present his or her own testimony? Well, your honor, I think, I think it was discussed earlier and kind of hit on the head where in Oshodi and Cominar, in those cases, the petitioners wanted to or were in the process of testifying about their claims. And the immigration judge tried to limit that testimony. In Cominar, it was indicated that the immigration judge wasn't acting as a natural, a neutral fact finder. And as you had mentioned earlier, the immigration judge appeared to be hostile. That wasn't the case here, your honor. In this case, the petitioners at no point in time indicated that they wish to offer oral testimony in support of their, in support of their claims for asylum withholding of removal and protection under CAD. And in those cases, it's factually distinguishable from this case here. In this case here, everything that the petitioners indicated or everything that the petitioners indicated in their applications were taken as true. And even then, they were still unable to meet their prima facie eligibility. Furthermore, the petitioners have not even identified anything and any evidence that was not considered or anything that would have resulted in a different outcome. The petitioners haven't indicated that there was any claim or any point that was not, that was not, that was not considered by the immigration judge or the board for that matter. In their opening brief, the petitioners generally indicated that they would have testified more about the Salvadorian government's ability or willingness to control their alleged persecutors. Here, today, opposing counsel indicated that they would have testified to the brother, to the cousin's killing and how it related to their claims. However, all this was considered by the immigration judge when the immigration judge denied their applications for relief and protection. And there's- How do you consider testimony that wasn't taken? Well, not necessarily the testimony, Your Honor. The evidence that the petitioner has submitted in regards to these points that were indicated in the opening brief and today during argument that would have- they would have been able to elaborate more on those certain points. The immigration judge may not have considered the testimony or the elaboration, but the immigration judge certainly considered those facts in determining that the petitioners did not meet their eligibil- or did not meet their burdens of proof for eligibility for relief and protection. So, therefore, the court's decisions in Oshadi and Cominar are factually distinguishable from here. And opposing counsel fails to address the matter of HAV, which was a recent decision that abrogated the matter of FIFI in determining that the agency has indicated that Oshadi the immigration judge is allowed to preterminate applications for relief and protection solely based on that application and the corroborating evidence if everything is taken as true, which is what the agency did here. If the panel doesn't have any more questions in regards to due process violation, I can move on to the underlining merits of the case. Well, first and foremost, the petitioner has not raised any challenges to the dispositive, unable, and unwilling finding in their opening brief. This- because she has waived- because petitioners have waived this argument, the court could- should deny the petitioner review on this alone because this is dispositive of any asylum or withholding of removal claims. The court- this court has held that a government's inability or refusal to protect against persecution is a core requirement for asylum and withholding and removal. And there- and petitioners' inability to demonstrate that this- or to raise any challenge to the- to the finding that the Salvadorian government is unable or unwilling to protect them against their alleged persecutors is fatal to her claim and the court should deny the petition for review on that basis alone. Even if the petitioners had raised a challenge to the unable or unwilling finding, the past harm that the petitioners alleged that they suffered did not rise to the level of persecution. The petitioners argued that they were threatened when they refused to allow their son to be recruited by the gang. The petitioner- the lead petitioner was beaten on a single- but never testified that he suffered any lasting injuries or provided any evidence that he suffered any lasting injuries or that medical treatment was required. This court has held that persecution is an extreme concept that means something considerably more than just discrimination and harassment. And therefore, the threats which this court has said that threats generally do not meet the muster of demonstrating persecution, the threats and the single beating does not equate to persecution. So therefore, the court should uphold the agency's finding that the past harm that the petitioners suffered did not rise to the level of persecution. Moving on to the objective fear of future persecution, the petitioners argue that they are members of the particular social group identified as citizens of El Salvador who oppose and resist criminal organizations due to their moral or religious belief. The agency properly concluded that their PSG was- that lacked particularity and also social distinction. The PSG had no defined clear boundaries as some of the terms that was used to describe the PSG, such as oppose and resist, both included large range of actions and the terms religious beliefs could include any religious background. So therefore, particularity encompasses concepts that a proposed group cannot be loosely defined and they must have clear defining attributes, which petitioners proposed PSG failed to have. As far as for the lack of social distinction, petitioners pointed to no evidence that their proposed social group is perceived as a distinct segment of the Salvadorian government. The petitioners did not point to any evidence in the record that the Salvadorian society viewed or recognized this group as a distinct group. So therefore, without such evidence, the petitioners failed to meet social distinction. Furthermore, there's- there was no nexus determined. The agency properly concluded that because petitioners failed to show that they were actually targeted and harmed on account of their membership in this proposed social group, they failed to determine- they failed to demonstrate the requisite nexus between the harm and a protected ground. This court has held for both asylum and withholding claims, a petitioner must prove a casual nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm. The petitioners have failed to do that here. Therefore, because the petitioners have failed to meet each step that's needed for asylum and withholding of removal, the agency properly determined that they were ineligible for relief. Petitioners also further failed to demonstrate their eligibility for cap protection where they failed to demonstrate past torture. The single beating as was analyzed under asylum and withholding of removal did not- did not meet- did not demonstrate- did not meet the muster for persecution and therefore would definitely not meet the higher standard for torture. And the petitioners failed to demonstrate their relocation was not feasible or was- was unreasonable because there was no evidence that it was a countrywide- a countrywide fear of their persecutors. Therefore, because the agency properly concluded that the petitioners did not meet their burden of proof to establish eligibility for relief or protection and the right- and they have not identified any evidence in the record that would compel a contrary conclusion, this court should deny their petition for review, especially where the petitioners received a full and fair evidentiary hearing before the agency. Counsel, I want to return to the due process argument. I'm looking at 8 CFR section 1240.17f, which describes the purpose and scope of a master calendar hearing and nothing in there suggests to me that the purpose of a master calendar hearing can be to take testimony or ask the- nothing gave the petitioners notice that they needed to be prepared to take a position on whether they were entitled to or needed an evidentiary hearing, but rather that it's supposed to be for the purpose of informing them they have the right to testify and to schedule one. Yes, and that is true, Your Honor, that the regulation does indicate that. However, at the August 2nd, 2018 hearing, the immigration judge put them on notice that an oral testimony may not be required and that the immigration judge may continue to review the applications and the board has said that it is permissible for the immigration judge to do this, and this court should afford deference to the board's decision in matter of HAAV in which the board specifically said that this was permissible. Well, we don't defer to the board's interpretation of the statute. Is that correct? Yes. And as- Sorry, can you address Montez, our decision in Montez Lopez where we said if the agency does not follow its own statute and regulations procedurally that we don't engage in a- we would remand even if the- we think the error was harmless? Yes, Your Honor. In this case, there was no error. There was no error because the petitioners received- were able to present their case fully and fairly before the agency. It wasn't- like as I stated prior, Your Honor, the opposing- the petitioners never at any point indicated that they wanted to offer testimony. I understand your primary position is that there was no error, that the statutes and regulations were followed. If we were- assume for the moment if we were to disagree, would Montez Lopez be controlling? Well, Your Honor, if you were to- if you were to agree with the petitioner's position and find that there was an error, then remand would be appropriate. However, there was no error in this case. Okay. Thank you. Thank you. Okay. Thank you. Thank you. When the court- when the immigration judge prevented O'Shode from testifying to the contents of the written application, this court found there was a due process violation because there was a failure to present oral testimony. Testimonial evidence that has been recognized is central to the integrity of the asylum process. This court noted that the only recognized exception that an applicant for asylum should be fully examined is when both parties stipulate that the testimony would be consistent with the written statement and believable. And that was not what in this case. This is a case where the immigration judge, in a master calendar hearing, made the unilateral decision on how she was going to proceed with the cases in her courtroom. At the time that this matter was before the immigration judge, matter of FEFE and the rulings in- that have what is supposed to follow. And it was the immigration judge's actions that caused the petitioners to lose their opportunity to testify and to have an actual merits hearing. But O'Shode was based off of a credibility finding, right? I mean, what we talked about was the is that IJ limited his testimony and then made a negative credibility finding where- so that makes sense there. But if you can't- if the petitioner didn't have the opportunity to fully explain himself, then you make a negative credibility. That seems like a due process violation. But here, we never even got to the testimony part. There was not even testimony in this case, Your Honor. And even in Coleman, there was some testimony. Well, I mean, I'm saying that couldn't O'Shode be read once you have testimony, then you have to be given full, you know, a full- a fair, full ability to present that testimony. But it doesn't say- I don't read it as saying that you have a right to give testimony. Well, Your Honor, I believe that if you look at not just O'Shode, but also looking at matter of which is what this court, you know, turned to in that case, FEFE has been clear that oral testimony is a right and is a requirement for non-citizens in removal proceedings. And that really, again, is the issue and the argument here is that they were deprived of presenting their case of having any testimony. The questions that were asked in that master were really just cursory. The judge looked at their applications right then and there and made a decision without any stipulation that the case would be taken off calendar and that she would issue an oral decision. And again, Your Honors, I also want to note that the BIA's recent matter of HAAV decision should not apply in this case. This was not a case that was before the judge at the time when she made this decision. It should not be controlling to this courtroom. And, you know, I'd note that it is currently being litigated as well in a different circuit because of the language in the statute is contra to the BIA's prior holdings. And again, it comes down to the shall have an opportunity versus may. And the argument here is that the petitioners should have had an opportunity. It wasn't a decision for the immigration judge to decide whether they should be afforded an opportunity to have an actual merits hearing. So at the very least, you know, if this court were to have a finding that matter of HAAV should apply, the proper course of action would be to at the very least remand the case back to the agency to make that determination or allow for supplemental briefings to this court. Great. Thank you. Thank you both for your argument. The case is submitted.
judges: LEE, BUMATAY, SUNG